UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES CASEY,

Plaintiff,

-against-

WILLIAM GRANT AND SONS, INC., GRANT MCKENZIE, AND GLENN GORDON,

Defendants.

Case No. 1:26-cv-03700

**PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" ("AEO") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate such material as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The AEO designation shall be used only for exceptionally sensitive information, the disclosure of which to another party would create a substantial risk of competitive, business, commercial, privacy, or personal injury that could not be avoided through less restrictive means.

   The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

The person producing any given Discovery Material may designate as "Highly Confidential - Attorneys' Eyes Only" only such portion of such material as consists of:

f. non-public compensation information concerning employees other than Plaintiff;

g. personnel files, performance evaluations, disciplinary records, investigative files, promotion assessments, succession-planning materials, or other employment records concerning non-party employees;

h. workforce planning, reduction-in-force analyses, organizational planning documents, or executive personnel assessments;

i. trade secrets or highly sensitive confidential or proprietary business information, the disclosure of which, in counsel's good faith determination, could reasonably result in competitive harm;

j. information subject to confidentiality obligations owed to third parties; or

k. any other category of information hereinafter given AEO status by the Court.

3. With respect to Discovery Material designated as either 'Confidential' or 'Highly Confidential - Attorneys' Eyes Only,' the producing person or that person's counsel may designate such material by stamping or otherwise clearly marking the protected portion as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY' in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or AEO information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential [or AEO] Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or AEO, he or she may so designate by so apprising all parties in writing, and such designated

portion(s) of the Discovery Material will thereafter be treated in accordance with the corrected designation under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. stenographers engaged to transcribe depositions conducted in this action; and

   g. the Court and its support personnel.

6. Unless otherwise ordered by the Court or agreed by the parties, Discovery Material designated "Highly Confidential - Attorneys' Eyes Only" shall be disclosed only to:

   a. outside counsel of record for the parties and their employees assisting with this litigation;
   b. outside vendors retained in connection with this litigation, including e-discovery vendors, copy services, translators, and court reporters;
   c. retained experts or consultants who have executed the Non-Disclosure Agreement attached hereto;
   d. the Court and its personnel; and
   e. any other person upon written agreement of the Producing Party or order of the Court.

AEO material shall not be disclosed to any party, officer, director, member, manager, or employee of a party absent agreement of the Producing Party or order of the Court.

Notwithstanding the foregoing, nothing herein shall preclude counsel from showing an AEO document to a witness who is not a party to this action and whom counsel in good faith believes authored, received, reviewed, or previously possessed the document, provided the witness may not retain a copy

of the document or any portion thereof and provided the witness is not a party to this action.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material. AEO material submitted to the Court shall be filed in accordance with the Court's Individual Rules and applicable sealing procedures.

8. Any party may challenge either a Confidential or AEO designation at any time prior to trial by serving upon counsel for the designating person a written notice stating with particularity the grounds for the challenge. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases. The Producing Party shall bear the burden of demonstrating that the challenged designation is appropriate. Until the Court rules otherwise, the disputed material shall retain the challenged designation.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material designated as Confidential or AEO shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Scott William Clark

**Dated:** 10/28/2026

**Dated:** 10/28/2026

**SO ORDERED.**

**The Honorable Margaret M. Garnett**
**United States District Judge**

SO ORDERED. Dated October 30, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CASEY,<br><br>Plaintiff,<br><br>-against-<br><br>WILLIAM GRANT AND SONS, INC., GRANT MCKENZIE, AND GLENN GORDON,<br><br>Defendants. | Case No. 1:26-cv-03700<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as “Confidential” or “Highly Confidential – Attorneys’ Eyes Only.” I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _________________________